Green, J.
delivered the opinion of the court.
The first objection which is taken by plaintiffs in error, is, that the judgment against the sheriff and his securities, which was recovered on motion in the county court, does not set out in whose name the execution was issued, for the non-return of which the motion was made. It is true, the county court judgment is radically defective in this; but the cause was carried to the circuit court, by certiorari, and the grounds set out in the petition, are not such as would justify the failure to return the process; wherefore, the circuit court properly dismissed the certiorari. In such case, the act of 1817, ch. 119, sec. 2, required the court ato enter judgment against the principal and his securities, for the amount of the judgment below.” The circuit court, therefore, only acted in obedience to this statute, in rendering the judgment, to reverse which, this writ of error is brought. There was nothing necessary to authorize tire court to enter the judgment, but the existence of sufficient cause for dismissing the certiorari; and if the certiorari was properly dismissed, that alone, according to the provisions of the before recited act, furnished the ground for the circuit court judgment, and was *103 the only tiling that need be stated in the record, as inducement to it. The cause was not before the1 court in a shape to authorize an examination of the record, and a determination on its merits. If the circuit court did not err, for the reasons before mentioned, it is clear, that this court cannot reverse its judgment, for errors which are apparent in the record of the county court judgment. This court can only correct the errors of the circuit court, and do that which it should have done; and that court having acted according to law, there is no error in its judgment.
The assumption, that the judgment is not in the names of the plaintiffs, but is in the name of the firm, is no cause for error. If the fact be, that the right names are not used, that is matter in abatement. "We cannot know that the fact is so, unless it be averred by plea. Let the judgment .be affirmed.
Judgment affirmed.
Peck, J. dissented.